IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ANTONIO R. PERKINS, #K03168, <br><br> Plaintiff, <br><br> v. <br><br> RACHEL DODD and W. LOY, <br><br> Defendants. | Case No. 23-cv-01467-SPM |

# MEMORANDUM AND ORDER

**MCGLYNN, District Judge:**

Plaintiff Antonio Perkins, an inmate of the Illinois Department of Corrections ("IDOC"), filed the instant lawsuit pursuant to 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights at Robinson Correctional Center. The Complaint is now before the Court for preliminary review pursuant to 28 U.S.C. § 1915A. Any portion of the Complaint that is legally frivolous, malicious, fails to state a claim for relief, or requests money damages from an immune defendant must be dismissed. 28 U.S.C. § 1915A(b).

## THE COMPLAINT

Plaintiff alleges that from July 15, 2022, until August 5, 2022, the air condition system was broken in his housing unit. (Doc 1, p. 9). Plaintiff claims that there was no ventilation in his cell, the windows did not open, and the temperatures were over 100 degrees with the heat index. (*Id.* at p. 6). He asserts that he was suffering from mental health and medical issues during this time. On July 23, 2022, a guard noticed that Plaintiff did not look well, gave him a bag of ice, and arranged Plaintiff to be seen by a nurse. (*Id.* at p. 10). The nurse concluded he was suffering from heat exhaustion. Plaintiff alleges that Warden Dodd and Warden Loy were aware there was no

ventilation but kept Plaintiff in "this building to suffer."

## DISCUSSION

Based on the allegations in the Complaint and Plaintiff's articulation of his claims, the Court designates the following claim in this pro se action:

**Count 1:** Eighth Amendment claim against Dodd and Roy for housing Plaintiff in unconstitutional conditions of confinement from July 15, 2022, until August 5, 2022.

The parties and the Court will use this designation in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly*[1] pleading standard.**

To prevail on an Eighth Amendment claim based on inadequate prison conditions, the prisoner must show that (1) the conditions in the prison were objectively "sufficiently serious so that a prison official's act or omission results in the denial of the minimal civilized measure of life's necessities," and (2) prison officials acted with deliberate indifference to those conditions. *Townsend v. Fuchs*, 522 F.3d 765, 773 (7th Cir. 2008) (internal citations and quotation marks omitted). "[A] prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer v. Brennan,* 511 U.S. 825, 837 (1994).

Construing the Complaint and attached exhibits liberally, Plaintiff has sufficiently stated a claim for cruel and unusual punishment caused by the high heat and lack of ventilation in his cell

---

[1] *See Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007).

against Defendants Loy and Dodd.

## MOTION TO AMEND COMPLAINT

Plaintiff has filed a motion to amend the complaint stating he has found new evidence and would like to "admit it into amended complaint." (Doc. 22). Plaintiff has not included an amended complaint, along with his motion. Pursuant to Federal Rule of Civil Procedure 15(a)(1), "[a] party may amend its pleadings once as a matter of course…if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." FED. R. CIV. P. 15(a)(1)(B). In all other instances, a party may amend only with the opposing party's written consent or the court's leave. FED. R. CIV. P. 15(a)(2). Because Defendants have not filed responsive pleadings in this case, Plaintiff is allowed to amend his Complaint as a matter of course and leave of the Court is not required at this time. Accordingly, the motion to amend is denied as moot. Plaintiff is advised that if he seeks to amend the complaint in the future, the amended complaint is a single document that must stand on its own without reference to any other pleading and include all claims against all defendants. The Court does not accept piecemeal additions or modifications to the Complaint. The amended complaint will also be subject to preliminary review pursuant to Section 1915A.

## DISPOSITION

For the reasons stated, the Complaint survives preliminary review pursuant to Section 1915A. **COUNT 1** shall proceed against Dodd and Loy.

Because Plaintiff's claims involve effects on his mental and physical health because of his conditions of confinement, the Clerk is **DIRECTED** to enter the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.

The Clerk of Court **SHALL** prepare for Dodd and Loy the following: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of

Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to each defendants' place of employment. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on the Defendant, and the Court will require the Defendant pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a Defendant can no longer be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the defendant's current work address, or, if not known, his last known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g). **Pursuant to Administrative Order No. 244, Defendants should respond to the issues stated in this Merit Review Order.**

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than 7 days after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: July 24, 2023**               *s/Stephen P. McGlynn*
                                        **STEPHEN P. MCGLYNN**
                                        **United States District Judge**

## NOTICE TO PLAINTIFF

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your complaint. After service has been achieved, the defendants will enter their appearance and file an Answer to the complaint. It will likely take at least **60 days** from the date of this Order to receive the defendants' Answers, but it is entirely possible that it will take **90 days** or more. When all of the defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at his time, unless otherwise directed by the Court.